UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHARLES FORTE )
) No. 1:03-cv-399/1:00-cr-164
v. ) Judge Edgar
) Magistrate Judge Lee
UNITED STATES OF AMERICA )

## REPORT AND RECOMMENDATION

Before the court is the "supplemental motion" to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Charles Forte ("Forte") in conjunction with his objections to the previously filed report and recommendation concerning Forte's original § 2255 motion [Doc. No. 20]. In his supplemental § 2255 motion Forte argues: (1) the government breached its plea agreement with Forte when it failed to make a motion for a downward departure under U.S.S.G. § 5K1.1 and (2) the government breached its plea agreement when it used information obtained from Forte to determine his applicable sentencing guideline range [Doc. No. 20]. The government opposes Forte's supplemental § 2255 motion [Doc. No. 22]. Forte's supplemental § 2255 motion was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] After reviewing the record and the applicable law, I **RECOMMEND** that Forte's supplemental § 2255 motion [Doc. No. 20] be **DENIED AND DISMISSED WITH PREJUDICE** for the reasons set forth herein, which conclusively establish that Forte is not entitled to relief under § 2255.

---

[1] In the same order which referred this matter, the court allowed Forte to amend his § 2255 motion to assert the additional grounds for relief set forth in his supplemental motion, but required that Forte assert all of his claims for relief [Doc. No. 21]. In its response to Forte's supplemental § 2255 motion, the government asserts that by permitting Forte to amend his § 2255 motion, the court has undermined the limitations period as intended by Congress. *See Mayle v. Felix*, ---U.S.---, 25 S. Ct. 2562, 2573-74, 162 L. Ed. 2d 582 (2005). However, the government states that in light of the meritless nature of the additional claims raised by Forte, it will not ask the court to reconsider its order permitting Forte to amend his § 2255 motion [Doc. No. 22, n. 1].

## I. Standard of Review

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . . " 28 U.S.C. § 2255. "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## II. Factual Background

The facts relevant to this motion are taken, in large part, from the presentence investigation report ("PSR"), the plea agreement between Forte and the government ("plea agreement"), and *United States v. Forte*, No. 01-5828, 43 Fed. Appx. 922 (6th Cir. Aug. 13, 2002), the decision rendered by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") following Forte's direct appeal. As set forth by the Sixth Circuit, Forte previously had been convicted in 1994 of a drug offense and he was released from confinement in 2000. After his release, a law enforcement official received information that Forte was once again engaged in illegal drug trafficking and the officer confronted Forte with this accusation. Forte admitted to having received a small amount of cocaine, although not to having trafficked in cocaine. The officer released Forte after admonishing him to refrain from further drug dealing and did not report Forte's behavior to his probation officer. *Id.* at 923.

A known associate of Forte, Anthony Moore ("Moore"), was arrested on drug charges later that year and he informed officers that he had been supplying cocaine to Forte. Moore cooperated with police in making audio tape recordings of conversations with Forte that confirmed Forte's involvement in cocaine trafficking and contained details of proposed cocaine transactions. Law enforcement agents subsequently participated in a controlled cocaine transaction involving Forte and Moore. Officers arrested Forte at the successful execution of the controlled buy of one kilogram of cocaine and, shortly thereafter, a drug detection dog alerted on Forte's automobile. The officers then impounded the vehicle, obtained a search warrant, and discovered 270 grams of cocaine and cocaine base. As a result, Forte was charged in a three-count indictment with possession of cocaine for distribution. *Id.* at pp. 23-24.

Forte entered a guilty plea to one count of the indictment following his unsuccessful motion to suppress. The district court accepted the plea and found Forte guilty of possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing, Forte objected to the guideline range of 235-293 months imprisonment. In addition, counsel for the government declined to make a § 5K1.1 motion when prompted by Forte's trial counsel, David R. Barrow ("Barrow"), and the district court proceeded to calculate Forte's sentencing range. The resultant guideline sentencing range was 168-210 months imprisonment and the district court sentenced Forte at the 189 month midpoint of the range.

Barrow filed an appeal and sought to withdraw. Finding no grounds raised or apparent to disturb the decision on review, the Sixth Circuit granted Barrow's motion to withdraw and affirmed the judgment of the district court. *Id.*

The PSR contains the following relevant information about the type of cocaine at issue:

DRUG AMOUNTS

17. The following drug amounts were derived based on information received from Mr. Forte, SA Malone, AUSA Sullivan, and the tape recorded conversations of Mr. Moore and Mr. Forte. **None of the drug <u>amounts</u> are in question and are being considered as relevant conduct pursuant to U.S.S.G. § 1B1.3.(a)(1)(A) and (B).** *<u>However, Mr. Forte disputes Mr. Moore's assertion that the 18 ounces of cocaine he recovered for him following his (Moore's) arrest in August 2000, was crack cocaine. Mr. Forte asserts that the cocaine was in powder form.</u>* However, after listening to the taped conversation recorded on October 16, 2000 (see paragraph #13 above), and considering Mr. Forte's overall criminal history which includes multiple arrests/convictions for drug offenses which included crack cocaine, that Mr. Moore has no criminal history other than his conviction stemming from the charge indicated above, and that the government has no evidence that Mr. Moore has been misleading or untruthful in his testimony concerning his or Mr. Forte's role in the offense, <u>this officer asserts that there is sufficient evidence to reasonably determine and assume that the cocaine in question was, in fact, crack cocaine, and that Mr. Forte should be held accountable as indicated below.</u>

18. Since Mr. Forte received and sold both cocaine base and cocaine hydrochloride, the substances will be converted to their marijuana equivalent for guideline purposes. <u>Mr. Forte stated that when he weighed cocaine, one ounce represented 25 grams instead of 28.35 grams as used in laboratory analysis. The government has indicated that in order to be fair to Mr. Forte, they do not oppose the lower figure being used for guideline calculations.</u> **Therefore, one ounce will be equivalent to 25 grams.** In total (since January/February 2000) Mr. Forte is being held responsible for the following drug amounts:

| **1) Cocaine Base (crack):** | January/February 2000 | ........ | 1 | ounce |
|---|---|---|---|---|
| | August 2000 | ......... | 18 | ounces |
| | December 4, 2000 | ......... | .45 | ounces |
| *Total:* | | | 19.45 | ounces |

➡ 19.45 ounces (486.25 gm) of Cocaine Base (crack) **or <u>9,730 kg of marijuana.</u>**

| **2) Cocaine Hydrochloride:** | April-August 2000 | ......... | 2.5 | kilograms |
|---|---|---|---|---|
| | December 4, 2000 | ......... | 236.3 | gm |
| *Total:* | | | 2,412 | gm |

4

> ➡ 2,412 gm [2204.5 gm + 207.5 gm (2½ kg = 2,500 gm ÷28.35 = 88.18 oz · 25 = 2204.5 gm) + (236.3 gm ÷28.35 = 8.3 oz · 25 = 207.5 gm)] of cocaine hydrochloride **or 482.4 kg of marijuana.**

PSR at p. 4-6 (emphasis in original).

Barrow did file an objection to the PSR concerning the inclusion of the January/February 2001 sale of one ounce of cocaine as relevant conduct, but he did not object to the PSR with respect to inclusion of the 18 ounces of crack. The district court specifically stated during the sentencing proceedings that Forte was being held accountable for 18 ounces of crack cocaine, and neither Forte nor Barrow disputed this fact [Case No. 1:00-cr-164, Doc. No. 34, Sentencing Transcript, p. 18].

The plea agreement between Forte and the government states in pertinent part:

> 4. Nothing contained in any statement or testimony given by Mr. Forte pursuant to this agreement or any evidence developed therefrom will be used against him directly or indirectly in any further criminal prosecutions or in determining the applicable sentencing guideline range under the United States Sentencing Guidelines, unless this agreement becomes void due to violation of any of its terms by Mr. Forte. However, nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from that information and testimony being provided by Mr. Forte pursuant to this agreement in determining the applicable sentencing guideline range, nor does this agreement prevent Mr. Forte from being prosecuted for any violations of federal and state laws he may have committed should evidence of any such violations be obtained from any such independent, legitimate source. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Forte for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his failing to be fully forthright and truthful as required by this agreement.
>
> 5. At the time of his sentencing, the United States will advise the Court of the nature and extent of Mr. Forte's forthrightness and truthfulness or failure to be forthright and truthful, and ask the Court to give same such weight as the Court deems appropriate . . . .

5

> b. This information will also be provided to the Court so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the view of the United States, Mr. Forte renders substantial assistance to the United States, at the time of sentencing the United States will recommend to the Court that he receive a downward departure from the sentencing guidelines range pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and below any mandatory minimum pursuant to 18 U.S.C. § 3553(e). The determination as to whether or not Mr. Forte has rendered substantial assistance will be made solely by the United States. Mr. Forte understands that this is only a recommendation to the sentencing Court which it may accept or reject in its sole discretion.

[Case No. 1:00-cr-164, Doc. No. 24].

### III. Discussion

#### (1) Forte's claim concerning the government's failure to file a § 5K1.1 motion

In his supplemental § 2255 motion, Forte first asserts that he is entitled to a resentencing because the United States allegedly breached the plea agreement by failing to move for a downward departure at his sentencing pursuant to U.S.S.G. § 5K1.1. Forte's argument is meritless.

The plea agreement expressly states that "[t]he determination as to whether or not Mr. Forte has rendered substantial assistance will be made solely by the United States." [Case No. 1:00-cv-164, Doc. No. 24, Plea Agreement, ¶ 5.b]. Thus, in the plea agreement the government reserved to itself the discretion to make a motion for a downward departure under U.S.S.G. § 5K1.1.

In many plea agreements the government will refer to the possibility of its filing a motion under § 5K1.1, but reserves to itself the unilateral discretion to determine whether to file such a motion. The Sixth Circuit has held that where the government retains the discretion to file a § 5K1.1

6

motion, the courts may only review such a decision to determine whether it was based on unconstitutional motives. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002). Reviewing such decisions for bad faith is not allowed. *Id.* (citing *United States v. Moore*, 225 F.3d 637 (6th Cir. 2000)); *United States v. Newman*, 85 Fed. Appx. 488 (6th Cir. Jan. 7, 2004). As stated in *Newman*:

> When the government flatly promises in the plea agreement to make a substantial assistance motion, bargaining away its discretion, "[t]he government then is obligated to make the motion" unless the government can prove by a preponderance of the evidence that the defendant breached the plea agreement. When the government retains its discretion, the district court's review of a decision not to file is extremely circumscribed, as "a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race."

*Id.* at 491-92 (internal and external citations omitted).

The government did reserve the discretion to itself to file a § 5K1.1 motion in the plea agreement with Forte. Moreover, in his supplemental § 2255 motion, Forte has not alleged any motive, much less an unconstitutional motive, on the part of the government in failing to file a § 5K1.1 motion at his sentencing. This was also the situation in Forte's direct appeal in which the Sixth Circuit stated:

> Counsel for Forte sets forth one arguable error in furtherance of his duty under *Anders*, namely, the district court's refusal to grant Forte a downward departure under § 5K1.1 in the absence of a government motion to that effect.
>
> The proposed issue lacks merit. Section 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the government files a motion indicating that a defendant has provided them with substantial assistance in the investigation or prosecution of another person who has committed a crime. . . courts may only review the government's refusal to file the [§ 5K1.1] motion to determine whether its decision was based on unconstitutional motives. *See United States v. Benjamin*, 138 F.3d 1069, 1073 (6th Cir. 1998). The government's decision may not be

7

> reviewed for bad faith. *United States v. Moore*, 225 F.3d 637 (6th
> Cir. 2000), and there is no hint of an improper motive for the
> government's failure to file the § 5K1.1 motion so as to bring the
> case within the holding of *Wade v. United States*, 504 U.S. 181, 112
> S. Ct. 1840, 118 L.Ed.2d 524 (1992). This issue lacks merit.

*Forte*, 43 Fed. Appx. at 924-25.

Although Forte argues that he is entitled to relief based upon the decision in *United States v. Benjamin*, 138 F.3d 1069 (6th Cir. 1998), that case is factually distinguishable. In *Benjamin*, one of the defendants, William Benjamin, entered into a plea agreement which provided, in pertinent part, that "the government will . . . move for a four-level reduction for substantial assistance as defined by § 5K1.1," but also provided that if Benjamin committed any crimes or otherwise violated the agreement, the government would not be bound by its promise. *Id.* at 1073. At Benjamin's sentencing, the district court found there was probable cause to believe Benjamin had breached the plea agreement by committing a crime, so the court did not require the government to file a § 5K1.1 motion. *Id.* The Sixth Circuit held that, because the government had bargained away its discretion to file a §5K1.1 substantial assistance motion, the district court erred by not requiring the government to prove Benjamin had breached the terms of the plea agreement by a preponderance of the evidence. *Id.* at 1073-74.

Unlike the situation presented in *Benjamin*, in Forte's plea agreement the government did not bargain away its discretion to file a § 5K1.1. Rather, the government retained its discretion to determine whether it would file a motion for a downward departure for substantial assistance under § 5K1.1.

Accordingly, I find the claim in Forte's supplemental § 2255 motion that the government breached the terms of the plea agreement by failing to make a motion for downward departure for

8

substantial assistance pursuant to U.S.S.G. § 5K1.1 is without merit, and I **RECOMMEND** that it be **DENIED AND DISMISSED.**

  **(2)**   **Forte's claim that his sentencing guideline range was increased based upon information the government acquired from him**

Forte claims the government violated the plea agreement by providing information to the probation officer that the eighteen ounces of cocaine possessed by Forte was crack cocaine, information that allegedly was acquired from Forte and used to increase his sentence.[2] This claim relates to paragraphs 17 and 18 of the PSR quoted above, and paragraph 4 of the plea agreement which states in pertinent part:

> 4.   Nothing contained in any statement or testimony given by Mr. Forte pursuant to this agreement or any evidence developed therefrom will be used against him directly or indirectly in any further criminal prosecutions or in determining the applicable sentencing guideline range . . . .

Forte did not raise this claim either at sentencing or on direct appeal, thus he has procedurally defaulted this claim. Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim in his direct appeal will result in a procedural default of the claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). In order to obtain review of a procedurally defaulted claim, a federal prisoner must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from any alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-70. Moreover, Forte is not entitled to extraordinary relief under § 2255 because the Court's calculation and determination of

---

[2] This is the identical claim – the same 18 ounces of crack cocaine – which formed the basis of Forte's allegation of ineffective assistance of counsel in his original petition [Doc. No. 1].

9

his sentence is not a fundamental defect resulting in a complete miscarriage of justice. *Wirgau v. United States,* No. 96-1046, 1996 WL 729284 (6th Cir. Dec. 17, 1996).

Forte can demonstrate neither cause nor prejudice. As quoted above, the plea agreement states that the government will not use any statement or testimony given by Forte pursuant to the plea agreement for the purpose of calculating his sentencing guideline range. However, paragraph 4 of the plea agreement also provides:

> Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from that information and testimony being provided by Mr. Forte pursuant to this agreement in determining the applicable sentencing guideline range . . .

Thus, the government did not breach the plea agreement, because the information that Forte possessed and sold eighteen ounces of crack cocaine was not provided to the probation officer as part of Forte's testimony or statements pursuant to the plea agreement. Rather, as paragraph 17 of the PSR states, the information that Forte possessed and sold eighteen ounces of crack cocaine was provided to the probation officer by Forte, SA Malone, AUSA Sullivan, and the tape recorded conversation of Moore and Forte of October 16, 2000. The tape recorded conversation is described in paragraph 13 of the PSR. Contrary to Forte's position, paragraph 17 of the PSR makes clear Forte never admitted, or even stated, the 18 ounces of cocaine was crack cocaine. However, after listening to the tape recorded conversation of October 16, 2000, the probation officer concluded there was sufficient evidence to show the cocaine was crack cocaine. In addition, paragraph 13 of the PSR states that " . . . Moore is prepared to testify the cocaine in question was, in fact, crack cocaine." PSR at p. 4. These facts, especially the tape recorded conversation, are the basis of the probation officer's conclusion that sufficient evidence would support the conclusion that the cocaine was in

fact crack cocaine. As previously noted, Forte never challenged this conclusion at his sentencing or on direct appeal.

Contrary to Forte's contention, the conclusion in paragraph 18 of the PSR; namely, that the cocaine was crack and not powder cocaine, was not based upon information that was acquired from Forte when he was debriefed after he entered his plea of guilty pursuant to the plea agreement. As noted above, Forte has never admitted that the cocaine was crack cocaine. Hence, the increase in Forte's sentencing guideline range because he possessed and sold eighteen ounces of crack cocaine did not constitute a breach of paragraph 4 of the plea agreement; and, Forte cannot establish prejudice.

Accordingly, I find the claim in Forte's supplemental § 2255 motion that the government breached the terms of the plea agreement by increasing his sentencing guideline range based upon information acquired from him is without merit, and I **RECOMMEND** that it be **DENIED AND DISMISSED.**

Therefore, it is **RECOMMENDED** that Forte's supplemental § 2255 motion [Doc. No. 20] be **DENIED AND DISMISSED WITH PREJUDICE.** In addition, after review of this case pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, I **RECOMMEND** that the Court **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, I **RECOMMEND** any application by Forte for leave to proceed *in forma pauperis* on appeal be **DENIED**. 28 U.S.C. § 1915(a)(3); Fed. R. Civ. P. 24. I further **RECOMMEND** that should Forte give timely notice of an appeal, such notice should be treated as an application for a certificate of appealability, which should be **DENIED** since

he has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 22(b) of the Federal Rules of Appellate Procedure.

**IV.** **Conclusion**

Accordingly, and as set forth more fully above, it is **RECOMMENDED**[3] that:

1). Forte's Supplemental § 2255 motion [Doc. No. 20] be **DENIED AND DISMISSED WITH PREJUDICE**;

2). Any application for leave to proceed *in forma pauperis* on appeal be **DENIED**; and

3). Should Forte give timely notice of an appeal, such notice be treated as an application for a certificate of appealability and **DENIED**.

                            s/Susan K. Lee
                            SUSAN K. LEE
                            UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide de novo review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).